## AMENDMENTS AFTER THE STATUTE HAS RUN.

### Superior Court of Cincinnati.

GEORGE KALEY, ADMINISTRATOR, v. CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY CO.

Decided, January, 1911.

*Statutes of Limitation—Application of, to an Amended Petition—Pleading.*

The bar of the statute of limitations does not operate to prevent the filing of an amended petition, where the original petition was filed in time.

*Thos. L. Michie,* for the amended petition.
*A. W. Goldsmith,* contra.

SPIEGEL, J.

The rule in Ohio with reference to the filing of an amended petition in negligence cases is as laid down in *Kauffman Brewing Co.* v. *Betz,* 8 C.C.(N.S.), 64:

"An amendment to a petition does not state a new and different cause of action, where in both the amended and the original petition the object sought is recovery of damages for the same personal injuries, the variation being only as to the precise manner in which the injuries were inflicted."

And when the statute of limitations is sought to be interposed to prevent the filing of an amended petition, the rule laid down in *Smith* v. *Missouri Pacific Railway Co.,* 56 Fed. Rep., 458, applies, viz., "that a petition based on an injury caused by negligence may be amended by adding new grounds of negligence after the bar would have been complete."

I do not care to cite more cases, but adopt the language of Judge Clement Bates in his work on Pleading and Practice (Vol. 3, p. 2048):

"If a new action would be barred by limitations, many cases have held amendments of the original petitions would be more liberally allowed for the express purpose of saving the action from the bar."

The amended petition may be filed.